UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HOWARD, #351897,

    Plaintiff,

v.                                    CASE NO. 2:11-CV-12630
                                         HONORABLE PAUL D. BORMAN

MICHIGAN DEP'T OF CORRECTIONS, et al.,

    Defendants.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

### I.

The Court has before it Plaintiff Larry Howard's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983, as well as his motion for preliminary injunction and temporary restraining order. Plaintiff is a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff appears to raise claims alleging the failure to properly respond to grievances, property infringement, "reckless conditions," conspiracy, improper security classification, safety problems, a lack of medical care, cruel and unusual punishment, and equal protection and due process violations. Plaintiff names the Michigan Department of Corrections ("MDOC") and its current and former director ("Directors") as the defendants in this action. He seeks declaratory and injunctive relief, monetary damages, and any other appropriate relief.

## II.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service upon a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III.

To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

A *pro se* civil rights complaint is construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### A.

Plaintiff names the MDOC as a defendant in this action and appears to name its Directors in their official capacities as defendants in this action. The Eleventh Amendment bars civil rights actions against a state, its agencies and departments, and state officials sued in their official capacities unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Consequently, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983. *Will*, 491 U.S. at 66-71. Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp.*

3

*v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). The United States Court of Appeals for the Sixth Circuit has expressly held that the MDOC is immune from suit under the Eleventh Amendment. *See Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, *2 (6th Cir. Nov. 1, 2000) (unpublished); *Ritchie v. Michigan Dep't of Corrections*, 826 F.2d 1065, 1987 WL 38524, *1 (6th Cir. 1987) (unpublished). Plaintiff's claims against the MDOC and its Directors in their official capacities must therefore be dismissed.

### B.

Additionally, to the extent that Plaintiff seeks to sue the Directors in their individual capacities, such claims are also subject to dismissal. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of *respondeat superior* or vicarious liability. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *see also Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Any claim that the Directors failed to properly supervise the other defendants, should be held vicariously liable for their actions, or did not properly respond to his complaints is insufficient to state a claim for relief under § 1983. Plaintiff has not alleged any facts which indicate that the Directors personally or intentionally violated his constitutional rights. Conclusory allegations are insufficient to state a claim under § 1983. *See Jackson v. Madery*, 158 F. App'x 656, 659 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Plaintiff has thus failed to state a claim upon which relief may be granted as to those defendants.

## IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his complaint and that the defendants are entitled to immunity under the Eleventh Amendment. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's complaint. Given this determination, the Court also **DENIES** Plaintiff's motion for preliminary injunction and temporary restraining order. Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 8-9-11